United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Curtis D Hurst, Jr  
    Debtor  

Case No. 18-15461-mdc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: YvetteWD     Page 1 of 1     Date Rcvd: Mar 04, 2019  
                    Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 06, 2019.  
db           +Curtis D Hurst, Jr,     818 Cypress St.,     Lansdowne, PA 19050-3607

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 06, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 4, 2019 at the address(es) listed below:  
         BRAD J. SADEK     on behalf of Debtor Curtis D Hurst, Jr brad@sadeklaw.com,    bradsadek@gmail.com  
         JACQUELINE M. CHANDLER     on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,     philaecf@gmail.com  
         JASON BRETT SCHWARTZ     on behalf of Creditor    Exeter Finance, LLC jschwartz@mesterschwartz.com,     jottinger@mesterschwartz.com  
         JEROME B. BLANK     on behalf of Creditor     SANTANDER BANK,   N.A. paeb@fedphe.com  
         United States Trustee     USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.     ecfemails@ph13trustee.com,    philaecf@gmail.com  
                                                                  TOTAL: 6

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re: **Curtis Hurst** : Chapter 13
: 
**Debtor(s)** : Bankruptcy 18-15461MDC

**ORDER DISMISSING CHAPTER 13 AND SETTING DEADLINE FOR APPLICATIONS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**

AND NOW, upon consideration of the Motion to Dismiss Case filed by William C. Miller, Standing Trustee (the "Trustee"), and after notice and hearing, it is hereby **ORDERED** that:

1. This chapter 13 bankruptcy case is **DISMISSED**.

2. Counsel for the Debtor shall file a master mailing list with the Clerk of the Bankruptcy Court if such has not been previously filed.

3. Any wage orders previously entered are **VACATED**.

4. Pursuant to 11 U.S.C. §349(b)(3), the undistributed chapter 13 plan payments in the possession of the Trustee shall not revest in the entity in which such property was vested immediately before the commencement of the case. All other property of the estate shall revest pursuant to 11 U.S.C. §349(b)(3).

5. All applications for allowance of administrative expenses (including applications for allowance of professional fees) shall be filed within twenty (20) days of the entry of this Order.

6. Counsel for the Debtor shall serve this Order by first class mail, postage prepaid, on all interested parties within five (5) days of the entry of this Order. Within thirty (30) days after the entry of this Order, counsel shall file (1) a Certification of Service confirming such service, and (2) a Certification of No Response confirming that neither an objection to the

proposed compensation nor an application for administrative expense has been filed, or if such application has been filed, set a hearing on all such applications.

7. If no Certification, as required above in Paragraph 6 has been entered on the docket within sixty (60) days of the entry of this Order, then the Standing Trustee shall, if any applications for administrative expenses other than Debtor(s)' Counsels have been filed, set a hearing thereon or, if no such applications have been filed, be authorized to return such funds to Debtor(s) pursuant to 11 U.S.C. § 1326(a)(2).

8. That in light of the Debtor's two bankruptcy filings, and light of the Consent Order entered into by Debtor, this case is dismissed with prejudice; Debtor shall be prohibited from filing, individually or jointly, any subsequent bankruptcy case within 24 months without further leave of Court.

Dated: 2/28/19

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE